IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                          :

BERT VAN TOORNBURG AND          FILED & ENTERED  05-07393 (SEK)
LINDA S. VAN TOORNBURG
DEBTORS                             :       CHAPTER 7

------------------------------  JAN 26 2006

CLERK
U.S. BANKRUPTCY COURT
OPINION AND ORDER

Before the Court is Debtors' Motion to Alter or Amend[1] our order extending the deadline for filing complaints objecting to discharge. For reasons that follow, we grant this motion because our order disregards Fed. R. Bankr. P. 4004(b) and 9006(b)3), and precedent set by opinions of the Bankruptcy Appellate Panel for the First Circuit.

BACKGROUND

The parties do not dispute these essential facts. The Clerk correctly set and notified the deadline to "File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" at November 7, 2005. The Trustee file a "Motion for Enlargement of Time to Object to the Discharge" on November 14, 2005, seven days beyond the mentioned deadline. Nevertheless, we granted the Trustee's request. Debtors then filed this motion to alter or amend our November 17th order, arguing that the Trustee's request for enlargement was untimely under Fed. R. Bankr. P. 4004(b) and 9006(b)(3). The Trustee replied, stating the time limit set by Fed.



---

[1] Fed. R. Bankr. P. 9023 provides that Fed. R. Civ. P. 59(e) concerning Mmotions to Alter or Amend Judgment applies to contested matters such as this one in bankruptcy cases.

2

R. Bankr. P. 4004(a) is not jurisdictional, and this matter presents extraordinary circumstances[2], calling for the exercise of the Court's equitable powers validating the Trustee's untimely request for the extension of time, and our order granting his request.

### DISCUSSION

"Federal Rule of Bankruptcy Procedure 4004(a) sets fixed deadlines for filing complaints objecting to the debtor's discharge under section 727(a) of the Code in Chapter 7 ... cases." Lawrence P. King, 9 *Collier On Bankruptcy*, ¶ 4004.02. (15th ed. rev.). This Rule together with Rules 4004(b) and 9006(b)(3) "are the relevant claim-processing rules in this case ... and serve three primary purposes. First, they inform the pleader ... of the time he has to file the complaint. **Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements.** Third, they afford the debtor an affirmative defense to a complaint filed outside Rules 4004(a) and (b) limits." (our emphasis) *Kontrick v. Ryan*, 540 U.S. 443, 456, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). The instant motion involves the second "office" of the Rules. *Id.*

When we granted the Trustee's motion for enlargement of time to object to Debtors' discharge outside the time limits set by Fed. R. Bankr. P. 4004(b), we exercised our discretion in violation of Rules



---

[2] The Trustee argues the enlargement is needed because the Federal Credit Union at Centennial, Colorado needs to provide additional account statements for the months of September and October, 2005 to confirm deposits and withdrawals of rental income that might be estate property, and statements going back six months which would reveal pre and post petition "wire outs" and ATM cash withdrawals made by the Debtors. The Trustee claims the "wire outs" are estate funds. See docket entry #17.

4004(b) and 9006(b)(3).  Hence, the issue is whether we could grant the enlargement due to the equitable exceptions raised by the Trustee, despite the time restriction in these Rules.

Two opinions issued by the Bankruptcy Appellate Panel for the First Circuit set the precedent that Fed. R. Bankr. P. 4004(b) precludes the bankruptcy court from granting late-filed motions to enlarge the time to object to debtor's discharge, making no allowance for the exercise of our equitable powers under the doctrine of excusable neglect.  These are: *In re Prego Cruz*, 323 B.R. 827, 831 (1st Cir. BAP(P.R.), 2005)[3] and  *Lure Launchers, LLC v. Spino*, 306 B.R. 718, 720 (1st Cir. BAP(Mass.), March 19, 2004).[4]  Although the Panel notes some courts have carved out exceptions to correct mistakes made by the court in setting up or notifying this deadline[5], this is not the situation at hand.



---

[3]  Here the Panel states: "Bankruptcy Rule 4007(c) requires that a motion seeking enlargement of the period for objecting to discharge ... must be filed *before* the time period has expired. [citations omitted] There is no allowance for excusable neglect if a motion to extend time is filed late (or not at all). [citations omitted]. Therefore, Rule 4007(c) precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the debtor's discharge of a debt." (citations omitted). *In re Prego Cruz*, 323 B.R. 827, 831 (1st Cir. BAP (P.R.), April 26, 2005).

[4]  The Panel held: "Rule 4007(c) requires that a motion seeking enlargement of the period for objecting to discharge or dischargeability must be filed before the time period has expired. [citations omitted]. With respect to late-filed motions, the rules make no allowances for excusable neglect. [citations omitted]. ... Rule 4007(c) therefore precludes the bankruptcy court from granting late-filed motions to extend the period in which a party can object to the dischargeability of a debt."  *Lure Launchers, LLC v. Spino*, 306 B.R. 718, 720 (1st Cir. BAP(Mass.), March 19, 2004).

[5]  *Lure Launchers, LLC v. Spino*, 306 B.R. at 720 n.3 (2004).

4

WHEREFORE, due to the strictures in the cited procedural rules and judicial precedents, we grant Debtors' motion  and vacate and set aside our November 17th order.

**SO ORDERED**, in San Juan, Puerto Rico, on January 24, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge